■ FRANCIS K. COVE, Individually and as President of the Court Officers Benevolent Association of Nassau County, Inc., et al., Respondents, v ALBERT M. ROSENBLATT, as Chief Administrative Judge of the Courts, et al., Appellants.—In an arbitration proceeding, the appeal is from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated September 1, 1987, as granted an application pursuant to CPLR 7502 (c) for a preliminary injunction enjoining the appellants

from making charges against the presently existing leave bank credits of the petitioner's members for employee organization leave used during the 1986-1987 fiscal year, or from making direct payroll deductions in lieu of such leave bank charges, pending resolution of the merits of the dispute between the parties by an arbitrator.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In pertinent part CPLR 7502 (c) provides that "The supreme court * * * may entertain an application * * * for a preliminary injunction in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief". Contrary to the appellants' contentions, the granting of a preliminary injunction under the facts of the matter at bar did not constitute an improvident exercise of discretion. The instant controversy stemmed from a dispute under the collective bargaining agreement between the parties which, pursuant to that agreement, was subject to arbitration (see, Matter of Denihan [Denihan], 119 AD2d 144, 148, affd 69 NY2d 725). The appellants, alleging that certain of the members of the petitioner organizations had exceeded their allotments of employee organization leave time, sought reimbursement of time or monetary compensation in lieu thereof from these allegedly offending members prior to an arbitrator's resolution of the merits of this dispute. Under the particular facts of this case we find that the granting of the injunction was appropriate to maintain the status quo pending the decision of the arbitrator "to preserve the efficacy of [a] potential arbitral award" (1985 NY Legis Ann, at 118). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.